IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ENCANA ENERGY SERVICES, INC., ) <br> a Delaware corporation, formerly known ) <br> as PANCANADIAN ENERGY ) <br> SERVICES INC.; ENCANA ) <br> CORPORATION, a Canadian ) <br> corporation, formerly known as and ) <br> successor to PANCANADIAN ) <br> ENERGY CORPORATION, ) <br> ) <br> **Defendant**s ) <br> _____) | CV F 03-5412   AWI LJO <br> <br> **ORDER DENYING REQUEST** <br> **FOR RECONSIDERATION OF** <br> **MAGISTRATE JUDGE'S** <br> **ORDER ON PLAINTIFF'S** <br> **FURTHER DISCOVERY** <br> **MOTIONS** <br> <br> <br> <br> Document # 398 |

**INTRODUCTION**

This is an action for damages and declaratory relief by plaintiff E. & J. Gallo Winery ("Gallo") against defendants EnCana Corp. ("EnCana"), a Canadian producer of natural gas, and WD Energy Services, Inc. ("WD") (formerly EnCana Energy Services ("EES")), a wholly-owned marketing subsidiary of EnCana Corp. (collectively, "Defendants"). As the Magistrate Court has observed, "[t]he parties have engaged in extensive discovery, and numerous discovery disputes have arisen." Doc. 371 at 2. In the latest discovery dispute, the magistrate court issued orders on a number of Plaintiff's discovery motions. In the instant motion, Plaintiff requests reconsideration of the Magistrate Judges decision to not compel

discovery of a number of documents that were provided by WD to the Commodity Futures Trading Commission ("CFTC"), and for which WD claims "settlement privilege."

## FACTUAL BACKGROUND

The general factual background of this case has been set forth by this court in numerous prior decisions and need not be repeated here.  Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, Defendant WD served a 668-page privilege log, and Defendant EnCana served its 179-page privilege log on July 26, 2004.  On December 23, 2004, Gallo filed a total of five motions related to discovery.  Among those motions was Gallo's Amended Motion to Compel Defendants to produce sufficient privilege logs and to produce nonprivileged documents , and for sanctions.  Doc. 305.  On January 28, 2005, the Magistrate Judge issued an order granting in part and denying in part Gallo's discovery motions.  Of pertinence to the instant motion, the Magistrate Judge sustained Defendant WD's assertion of settlement privilege with respect to a number of documents that were listed on the privilege log as having been provided to CFTC, and declined to compel production of those documents.

At some point before or during the pendency of Gallo's motion to compel the production of the documents provided to CFTC, Gallo served a subpoena on the CFTC seeking the documents that WD had provided, as well as documents submitted by ten other natural gas trading companies that were under investigation by CFTC at the time.  WD and the other companies opened a case in the District Court of the District of Columbia ("DC Court") to fight the subpoena.  The decision of the DC Court was pending at the time the Magistrate Judge's order of January 28, 2005, was filed.  This court has since been provided with a copy of the decision of the DC Court, which was apparently filed on or about April 28, 2005.  The DC Court found the WD documents submitted to CFTC were not protected by the "settlement privilege" and granted Gallo's motion to compel production of all WD documents held by CFTC.

On February 11, 2005, and again on February 23, 2005, Gallo's attorney wrote letters to the Magistrate Judge requesting clarification of the Magistrate Judge's order of January 28, 2005. On February 23, 2005, the Magistrate Judge issued a letter to the parties' attorneys indicating the receipt of Gallo's letters requesting clarification and instructing the parties that *ex parte* communications with the court seeking clarification of orders or attempting to assert new information or argue issues is inappropriate. Gallo's Motion for reconsideration of the Magistrate Judge's order of January 28, 2005, was filed on March 7, 2005. Defendants' opposition to the motion to reconsider was filed on March 17, 2005. On April 14, 2005, the hearing date on the motion to reconsider was vacated and the matter was taken under submission.

**LEGAL STANDARD**

Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). As such, the court may

3

only set aside those portions of the Magistrate Judge's order that are either clearly erroneous or contrary to law.  Fed.R.Civ.P. 72(a); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non- dispositive pretrial matters that are reviewed for clear error under Rule 72(a)).

## DISCUSSION

The sole objective of Gallo's request for reconsideration is to challenge the Magistrate Judge's finding that this circuit recognizes the settlement privilege and that the privilege protects the documents WD submitted to CFTC from discovery.  Gallo alleges the Magistrate Judge's ruling was clearly erroneous on three grounds.  First, Gallo contends that in asserting the settlement privilege, Defendants failed to meet their burden to show that each of the documents submitted to CFTC and for which the privilege was claimed was actually submitted in the course of settlement negotiations.  Second, Gallo contends that privilege generally can be invoked only where *both* parties to the communication have an expectation that the communications between them will be confidential.  Gallo alleges it is CFTC's position that documents submitted to it in the course of investigation or settlement are subject to disclosure under the Freedom of Information Act ("FIOA"), indicating CFTC had no expectation the documents submitted to it would be subject to privilege.  Gallo alleges CFTC's position was not available as of the time of the parties' submission of January 11, 2005, and the court should reconsider on the basis of this new information.  Third, Gallo contends the cases the Magistrate Judge relied upon in reaching the conclusion the settlement privilege exists in this circuit are factually distinguishable from the case at hand and fail to support the existence of the privilege under the facts of this case.

4

Defendants contend first that Gallo did not request reconsideration of the Magistrate Judge's order within the 10-day period provided by Rule 72(a) of the Federal Rules of Civil Procedure, and Local Rule 72-303(b).  As a consequence, Defendants contend the order became final and reconsideration may not now be granted.  Defendants also contend, in the alternative, that even if Gallo's request was timely, there is no Ninth Circuit authority that clearly *rejects* the settlement privilege.  Defendants contend that, as a consequence, the Magistrate Judge's decision cannot be shown to be clearly erroneous.

Notwithstanding the parties' contentions, it appears to this court that the issue that is the subject of Gallo's request for reconsideration – whether the materials WD submitted to the CFTC are subject to the settlement privilege – is mooted by the DC Court's decision of April 28 2005.  As an initial matter, the court takes judicial notice of the decision of the DC Court, In re Subpoena Issued to Commodity Futures Trading Commission, 04-564 (JDB)(Dist. D.C. 2005), as provided to this court by Gallo.  United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9 Cir. 1992).  The DC Court's decision noted that during the pendency of that action, WD had conceded that the settlement privilege was inapplicable to all but nine documents in CTFC's possession.  The non-privileged documents were presumably turned over to Gallo prior to the DC Court's decision.  The DC Court's decision found there is no settlement privilege in the DC Circuit with respect to documents turned over to federal investigatory commissions such as CTFC.  The DC Court granted Gallo's motion to compel as to the remaining nine documents that remained in CFTC's possession.

Logically, WD could have claimed the settlement privilege only as to those

5

documents that WD had provided to CTFC.  Since Gallo's motion to compel was granted as to all of WD's documents in CFTC's possession, it follows there can be no documents that were the subject of Gallo's motion for reconsideration that Gallo does not now possess.  At this point, it appears to this court that there remains no live controversy with respect to the documents for which WD claimed settlement privilege.  The court will therefore deny Gallo's request for reconsideration as moot.

      Even if the issue had not been mooted by the DC Court's decision, this court concludes Gallo's motion for reconsideration is time barred for the reasons set forth in Defendants' opposition to Gallo's request for reconsideration.

THEREFORE, in consideration of the foregoing discussion, Gallo's request for reconsideration of the Magistrate Judge's order of January 28, 2005, is hereby DENIED as moot.

IT IS SO ORDERED.

**Dated:   May 4, 2005**                                          **/s/ Anthony W. Ishii**
h2ehf                                                                                  UNITED STATES DISTRICT JUDGE