# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY, | CASE NO. CV-F-03-5412-AWI-LJO |
| Plaintiff, | **ORDER TO RESET DATES** |
| vs. | Expert Disclosure: May 31, 2005 |
| ENCANA ENERGY SERVICES, INC., et al., | Supplemental Expert Disclosure: June 21, 2005 |
| Defendants. | Expert Discovery Cutoff: July 12, 2005 |
| | Nondispositive Motion Filing Deadline: July 15, 2005 |
| | Discovery Motion Hearing Deadline: August 5, 2005 |
| | Other nondispositive Motion Hearing Deadline: August 12, 2005 |
| | Dispositive Motion Filing Deadline: July 25, 2005 |
| | Dispositive Motion Opposition Deadline: August 15, 2005 |
| | Dispositive Motion Reply Deadline: August 23, 2005 |
| | Dispositive Motion Hearing Deadline: September 6, 2005 |
| | Pretrial Conference: Date: Sept. 20, 2005<br>Time: 8:30 a.m.<br>Dept.: 3 (AWI) |

1

This Court conducted a May 9, 2005 conference to address resetting certain dates for this action. Plaintiff E. & J. Gallo Winery appeared by telephone by counsel Steven N. Williams, Cotchett, Pitre, Simon & McCarthy and D. Greg Durbin and Timothy Buchanan, McCormick, Barstow, Sheppard, Wayte & Carruth, LLP. Defendants Encana Corporation and WD Energy Services, Inc. appeared by telephone by counsel David A. Battaglia, Richard P. Levy and Louis E. Shoch III, Gibson, Dunn & Crutcher, LLP and William Hahesy, Sagaser, Jones & Hahesy.

The parties agree to reset certain dates, and on the basis of good cause, this Court RESETS discovery and motion dates as follows:

**1. Expert Witnesses**

Any expert witness disclosures shall be served no later than **May 31, 2005**. Any supplemental expert witness disclosures shall be served no later than **June 21, 2005**. Such disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder. In addition, F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall apply to all discovery relating to expert witnesses and their opinions. Expert witnesses must be fully prepared to be examined on all subjects and opinions included in the designations. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness. In particular, this Court will enforce preclusion of testimony or other evidence for failure to strictly comply with F.R.Civ.P. 26(e).

**2. Expert Discovery Cutoff**

All expert discovery shall be completed no later than **July 12, 2005**.

**3**. **Pretrial Motion Schedule**

All pretrial nondispositive motions (including discovery motions) shall be served <u>and filed</u> no later than **July 15, 2005**. All pretrial discovery motions shall be set before the appropriate judge for a hearing no later than **August 5, 2005**. All other pretrial nondispositive motions shall be set before the appropriate judge for a hearing no later than **August 12, 2005**.

All pretrial dispositive motions shall be served <u>and filed</u> no later than **July 25, 2005**. All pretrial dispositive motion opposition papers shall be served <u>and filed</u> no later than **August 15, 2005**. All pretrial dispositive motion reply papers shall be served <u>and filed</u> no later than **August 23, 2005**. All

pretrial dispositive motions shall be set before the appropriate judge for a hearing no later than **September 6, 2005**.

At the pretrial conference, the Court will set filing and hearing dates for motions in limine.

**4.     Settlement Conference**

Should the parties desire a settlement conference, they should jointly request one of the Court, and one will be arranged. In making such request, the parties are directed to notify the Court as to whether they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer.

**5.     Pretrial Conference**

A pretrial conference is set for **September 20, 2005 at 8:30 a.m.** in Department 3 (AWI) of this Court. The parties are directed to file a joint pretrial statement which complies with the requirements of this Court's Local Rule 16-281. In addition, the joint pretrial statement should include a brief factual summary and an agreed neutral statement of the case. The parties are further directed to submit an additional copy of their pretrial statement on a 3.5-inch computer disc formatted for WordPerfect.

The parties' attention is directed to this Court's Local Rules 16-281 and 16-282. The Court will insist upon strict compliance with those rules. At the pretrial, the Court will set deadlines for motions in limine, trial exhibits, witness lists, etc.

**6.     Trial Date**

The jury trial remains set for **November 8, 2005 at 10 a.m.** in Department 3 (AWI) of this Court. The parties estimate trial will be 20-30 days.

The parties' attention is directed to this Court's Local Rule 16-285.

**7.     Effect of this Order**

This order represents the best estimate of the Court and parties as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, the parties are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate and which establish

3

1 good cause for granting the relief requested.

2     Failure to comply with this order shall result in the imposition of sanctions.

3     IT IS SO ORDERED.

4 **Dated:   May 9, 2005**          **/s/ Lawrence J. O'Neill**
66h44d                              UNITED STATES MAGISTRATE JUDGE