1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| E. & J. GALLO WINERY, | ) | **CV F 03-5412   AWI LJO** |
| | ) | |
| **Plaintiff**, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER DENYING** |
| v. | ) | **DEFENDANTS' MOTION FOR** |
| | ) | **RECONSIDERATION OF** |
| ENCANA ENERGY SERVICES, INC., | ) | **MAGISTRATE JUDGE'S** |
| a Delaware corporation, formerly known | ) | **AWARD OF MONETARY** |
| as PANCANADIAN ENERGY | ) | **SANCTIONS AGAINST** |
| SERVICES INC.; ENCANA | ) | **DEFENDANTS** |
| CORPORATION, a Canadian | ) | |
| corporation, formerly known as and | ) | |
| successor to PANCANADIAN | ) | |
| ENERGY CORPORATION, | ) | |
| | ) | **Document # 492** |
| **Defendant**s. | ) | |
| | ) | |

This is an action for damages and declaratory relief by plaintiff E. & J. Gallo Winery

("Gallo") against defendants EnCana Corp. ("EnCana"), a Canadian producer of natural gas,

and WD Energy Services, Inc. ("WD") (formerly EnCana Energy Services ("EES")), a

wholly-owned marketing subsidiary of EnCana Corp. (collectively, "Defendants").

Prominent in this action have been a long succession of discovery disputes.  In the most

recent of these disputes, a monetary sanction in the amount of $102,078.97 was levied against

Defendant's law firm, Gibson, Dunn & Crutcher, following three days of evidentiary hearings

in which the magistrate judge determined attorneys from that law firm had willfully interfered

with the deposition of a third-party witness, Richard Anderssen ("Anderssen"), a former

1   senior trader for Defendants and an acknowledged key witness for Gallo.  In the instant

2   motion, the firm of Gibson, Dunn & Crutcher requests reconsideration of the magistrate

3   judge's sanction award.  The firm of Gibson, Dunn & Crutcher also moves to strike certain

4   statements in Gallo's memorandum in opposition to the motion for reconsideration.  For the

5   reasons that follow, both motions will be denied.

6                  **FACTUAL AND PROCEDURAL BACKGROUND**

7          The general factual background of this case has been recounted numerous times in

8   prior orders of the court and need not be repeated here.  The facts pertinent to the instant

9   motion are confined to the events surrounding the deposition of Anderssen, which was

10  scheduled for February 17, 2005.  Unless otherwise noted, the facts set forth here are those

11  contained in the magistrate judges Order on Plaintiff's Sanctions Motion Regarding Third-

12  Party Witness, filed on July 5, 2005, document number 486 (the "July 5 Order").

13         Mr. Anderssen, a former employee of Defendants, is not a party in this case and is

14  represented by James M. Ardoin III ("Ardoin") in all matters pertaining to the instant motion.

15  Ardoin is primarily a criminal defense attorney and, as of the time of the events pertinent to

16  this motion, has had no experience before any federal court in a civil matter.  Gallo originally

17  set Andersson's deposition for August 17, 2004, by properly serving a subpoena on Mr.

18  Anderssen and by serving notice of deposition on Defendants by U.S. mail.  Because of

19  scheduling conflicts, Anderssen, his attorney Ardoin, and Gallo agreed to reset the deposition

20  for February 17, 2005.  Ardoin sent an e-mail to Steven Williams ("Williams"), one of

21  Gallo's chief counsel, on January 12, 2005, to confirm the February 17 deposition date.  On

22  January 12, 2005, Gallo sent an amended notice of deposition by e-mail to, among others, the

23  e-mail addresses of David Battaglia ("Battaglia") and William Hahesy ("Hahesy") who

24  worked for the firm of Gibson, Dunn & Crutcher (collectively, "Defendant Counsel").  No

25  other counsel for Defendants received notice of the deposition.  Gallo's amended notice of

26  deposition was sent by e-mail only.  The same e-mail message that contained the amended

27

28                                        2

notice of Anderrsen's deposition on February 17, 2005, also contained notice of deposition of another third-party witness, Jay Cattermole, whose deposition had been scheduled for January 24, 2005.

On February 11, 2005, Gallo, through its attorney Williams, sent another amended notice of deposition, again by e-mail only, notifying the parties of a change of the time of the deposition to 12 p.m. on February 17, 2005.  This notice was sent to the e-mail addresses of Battaglia and Hahesy, but to no other counsel for the defense.  On February 16, 2005, Williams sent a final amended notice of deposition to the same parties, again by e-mail only, announcing a change in the location of Anderssen's deposition.

On February 16, 2005, a flurry of e-mails were exchanged, principally between Williams, Battaglia, and Ardoin.  The content of the e-mail correspondence is fully recounted in the magistrate judge's July 25 Order at pages 11-13.  The upshot of these e-mails was that Battaglia announced Defendant's contention that the Anderssen deposition had not been properly noticed and they (Battaglia and/or others from the firm of Gibson, Dunn & Crutcher) would not attend the deposition.  Battaglia sent an e-mail to both Williams and Ardoin at 2:58 p.m. stating Defendants' position that service of notice of deposition by e-mail was improper under Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure, which requires that service of process be by hand delivery or by conventional mail.  Further, Battaglia stated that the deposition of Anderssen was not going forward, as far as the Gibson firm was aware.  Williams responded that notice of the deposition was proper and that the deposition was to go forward.  Williams further characterized Battaglia's late-hour objection to the service of notice by e-mail as a "cheap stunt" designed to derail the taking of the deposition of a key witness.  Williams alleged there had been an agreement to accept service by e-mail for over a year.  At 3:47 p.m., Anderssen's counsel, Ardoin, sent an e-mail to Williams notifying Williams that Anderssen also objected to the form of service of notice of deposition and that Ardoin would therefore not produce Anderssen for deposition the following day.

Gallo filed the motion for sanctions that is the subject of the instant motion for reconsideration on February 23, 2005.  Gallo's motion for sanctions requested the imposition of terminating sanction, issue sanction, evidence sanctions, and monetary sanctions. Evidentiary hearings were held on March 30, 2005, April 13, 2005, and May 17, 2005.  The parties filed additional briefing following the hearings.  After consideration of all testimony and all briefs and exhibits submitted the parties, the magistrate judge found that attorneys from the firm of Gibson, Dunn & Crutcher had interfered in bad faith with the Anderssen deposition by means of improper contact with Anderssen's attorney, Ardoin, and that monetary sanction in the amount of $102,078.97 was warranted.  No other sanctions were imposed.  The magistrate court also found that Gallo's allegation that an attorney from Gibson, Dunn & Crutcher, Mr. Hernandez, had interfered with or obstructed Anderssen's deposition by improper communications with personnel from the recording and transcription service was not supported by the facts.

## LEGAL STANDARD

Motions to reconsider are committed to the discretion of the trial court.  Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987).   To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration,  Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  As such, the court may only set aside those portions of the Magistrate Judge's order that are either clearly erroneous

1   or contrary to law.  Fed.R.Civ.P. 72(a); see also Grimes v. City and County of San Francisco,

2   951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non- dispositive pretrial matters

3   that are reviewed for clear error under Rule 72(a)).

**DISCUSSION**

5   **I. Motion to Strike**

6       Defendant Counsel have moved to strike some of the more hyperbolic statements

7   contained in Gallo's opposition to Defendant Counsel's motion for reconsideration.  The

8   court, in formulating its decision, has not relied on, been influenced by or made reference to

9   any of these statements.  The motion to strike is therefore DENIED as moot.

10  **II. Motion for Reconsideration**

11      The magistrate judge's July 25 Order presents an extensive discussion of the legal

12  bases for imposition of sanctions for attorney misbehavior.  Only a brief recap is required

13  here.  The court has a duty to supervise the conduct of attorneys appearing before it.

14  Erickson v. Newmar Corp., 87 F.3d 298, 301 (9th Cir. 1996).  While sanctions may be

15  imposed as a means of court supervision of the attorneys appearing before it, "[f]or a sanction

16  to be validly imposed, the conduct in question must be sanctionable under the authority relied

17  on."  Cunningham v. County of Los Angeles, 879 F.2d 481, 490 (9th Cir. 1990).

18      Sanctions may be imposed pursuant to local rules, section 1927 of Title 28 of the

19  United States Code, or pursuant to the inherent powers of the court.  Local Rule 83-184(a)

20  authorizes the court to take appropriate disciplinary action against an attorney after

21  "reasonable notice and an opportunity to show cause to the contrary."  Pursuant to 28 U.S.C.

22  § 1927, the court may award sanctions to compensate for "excess costs, expenses , and

23  attorney's fees reasonably incurred" as a result of attorney tactics that "multiplies the

24  proceedings unreasonably and vexatiously."  Section 1927 sanctions must be based on a

25  finding that the sanctioned attorney acted in subjective bad faith.  United States v. Blodgett,

26  709 F.2d 608, 610 (9th Cir. 1983).  Similarly, imposition of sanctions pursuant to the court's

27

28                                                      5

inherent power require a finding of bad faith.  Chambers v. NASCO, Inc., 501 U.S. 32, 55

(1991).  "Bad faith" means a party of counsel acted "vexatiously, wantonly or for oppressive

reasons."  Id. at 45-46.

The common thread that runs through each of the legal bases for imposition of

sanction awards is the requirement for a finding of bad faith.  Essentially, the basis for

Defendants' motion for reconsideration is their contention that the facts presented for the

magistrate judge's review do not support a finding of bad faith.  Defendants contend the

findings actually made by the magistrate judge refute Gallo's assertions as set forth in their

motion for sanctions.  A brief review of the magistrate judge's findings and the facts

supporting those findings is in order.  See the July 5 Order at pp. 53-55 for the magistrate

judges actual findings.

First, the magistrate judge determined Defendant Counsel received the January 12

notice of the Anderssen deposition by e-mail and did not object to that notice.  From that, the

magistrate judge correctly concluded Defendant Counsel were provided with actual timely

notice of the deposition and waived any right to service of notice by any other means by

failing to make timely objection.  See Hollingsworth v. Barbour, 29 U.S. 466, 476-477

(1830) (irregular service of process waived where there is actual notice and no objection);

United States v. One 1978 Piper Cherokee Aircraft, 91 F.3d 1204, 1208 (9th Cir. 1996)

(insufficiency of process waived in absence of objection pursuant to Rule 12 (h)(1) of the

Federal Rules of Civil Procedure).  The magistrate judge also correctly observed that

Defendant Counsel's contentions with regard to the service requirements of Rule 5 are

irrelevant in view of Defendant Counsel's waiver of service by mail or in person by

acceptance of notification by e-mail without objection.

Second, the magistrate judge found the attorneys for Gibson, Dunn & Crutcher,

Battaglia and Hernandez, contacted Ardoin the day before the scheduled deposition to raise

their concerns about the adequacy of service of notice of the deposition.  In this regard the

magistrate judge also determined that Ardoin was prepared to produce Anderssen at the scheduled deposition, and there is no evidence suggesting he would not have done so absent contact from Defendant Counsel.

Third, the magistrate judge found Anderssen had been properly served a subpoena for the deposition and that subsequent modification of the deposition schedule had been by mutual agreement and/or necessitated at the last minute by factors beyond the parties' control.  In this regard, the magistrate judge correctly observed that Rule 5(b), upon which Defendant Counsel based their objection as to the form of service, does not apply to non-parties by its own terms and that the attorneys from Gibson, Dunn & Crutcher knew, or should have known of the non-applicability of Rule 5 as regards Anderssen's deposition.  In other words, the magistrate judge found Defendant Counsel from the Gibson, Dunn & Crutcher, principally Battaglia, raised the issue of proper service of notice of deposition to Ardoin having known, or should have known, the issue was meritless.  The magistrate judge also found that Battaglia raised the issue with Ardoin knowing that the latter was inexperienced in federal civil procedure.

Fourth, The magistrate judge found Defendant Counsel "lead Mr. Ardoin on a path to raise an issue in Mr. Ardoin's mind that F.R.Civ. P. 5 and related service issues applied to Mr. Anderssen."  The magistrate judge concluded that Battaglia's contact with Ardoin influenced Mr. Anderssen through Mr. Ardoin to postpone his deposition.  The magistrate judge found the interference and the resultant delay in the deposition vexed and burdened "Gallo and this court with significant discovery disputes and proceedings, including three full court days for the evidentiary hearing.  Defense counsel's manipulation of the events resulting in cancelling Mr. Anderssen's February 17, 2005 deposition lacked justification based on other available options and in turn thwarted Gallo's legitimate discovery."

Defense Counsel contend the magistrate judge erroneously characterized their behavior as "interfering" with the deposition.  Defense Counsel cite McNeal v. Hollowell,

481 F.2d 1145 (5th Cir. 1973) for the proposition their actions were within the bounds of appropriate advocacy.  In McNeal, the court addressed the issue of whether an attorney who, during a criminal trial for murder, consulted with the attorney of a co-defendant to discuss with the co-defendant's attorney(and probably convinced the attorney) that his client should invoke his Fifth Amendment right to not testify.  The court in McNeal held that the conference between counsel, which occurred in an ante room to the court during the trial, did not amount to conduct that was calculated to cause a mistrial.  Rather, the court held the conduct was withing the scope of legitimate client advocacy.  Id. at 1152.

The facts of McNeal are clearly distinguishable from the facts of the present case.  First, the conference in McNeal was conducted during a trial and was aimed at convincing co-defendant and his counsel to exercise a well understood right against self-incriminating testimony.  It was not aimed at derailing the examination or causing a delay in the proceedings.  Here, in contrast, Defendant Counsel (principally Battaglia) communicated with Ardoin mainly to impress on the latter the advisability of not producing his client at a deposition to which he had been lawfully subpoenaed, and to which he had previously agreed.  Further, the legal basis of Defendant Counsel's argument to Ardoin in favor of non-attendance was not the exercise of a testimonial right against self-incrimination because it was well understood that Anderssen could have, and apparently planned to, assert that right at deposition.  Rather, the basis of Defendant Counsel's argument consisted of raising concerns of adequacy of service of process that Defendant Counsel knew or should have known were not applicable under the facts of the case.

This court concludes the magistrate court had information before it sufficient to support the conclusion that Defense Counsel knew or should have known that their objection to the form of service of notice of the deposition had been waived.  Further, the magistrate court had information to support the conclusion that Defense Counsel knew or should have known that the provisions of Rule 5 are not applicable to non-parties and therefore that

1   invocation of the service-of-process requirements of Rule 5 would not give Ardoin a

2   legitimate reason to decline to produce Anderssen at the deposition.  Finally, the magistrate

3   court had information before it sufficient to support the conclusion that Defense Counsel's

4   purpose in raising their Rule 5 issues to Ardoin was to forestall Anderssen's deposition for

5   the purpose of gaining tactical advantage and vexation of their opponent.

6          From the foregoing, this court concludes that the magistrate court had information

7   before it adequate to support the conclusion Defendant Counsel's action amounted to a bad

8   faith interference with the discovery process.

9          The remainder of Defendant Counsel's contentions regarding the imposition of

10  monetary sanctions seem to focus on issues that are more-or-less peripheral to the central

11  issue of whether there was bad faith interference with the discovery process.

12         Defendant Counsel allege the magistrate judge's conclusion that Defendant Counsel's

13  communications with Ardoin asserted an erroneous legal position was inconsistent with the

14  factual finding that Defendant Counsel had not been served by mail or in person pursuant to

15  Rule 5(b)(2)(D).  Defendant Counsel's waiver of objection to the form of notice of deposition

16  is dispositive and has been previously discussed.  There is therefore no inconsistency between

17  the magistrate judges finding regarding service of process and the conclusion regarding the

18  validity of Defendant Counsel's argument.  Defendant Counsel also argue at some length that

19  even if their objection to the service of notice of deposition was not legally valid, the raising

20  of the objection was nonetheless not sanctionable because Defendants Counsel were

21  reasonably advocating for their clients, as is their obligation.  Defendant Counsel misstates

22  the basis of the sanction award.  The sanction was not assessed because Defendant Counsel

23  objected to the form of service of notice, it was assessed because Defendant Counsel directed

24  their objections to a third party witness instead of to the court.

25         The magistrate judge concluded, and this court agrees, there exists sufficient facts to

26  support the conclusion that Defendant Counsel did not raise concerns about the sufficiency of

27

28                                                  9

the notice of deposition to Ardoin for the purpose of protecting their client's rights to proper service of process.  If Defendant Counsel were interested in protecting their clients' rights to proper service of process, they would have, or should have, objected to the court.  Rather, the facts indicate the purpose of Defendant Counsel's objection to Ardoin was for the purpose of influencing Ardoin to not produce Anderssen at deposition.  While proper advocacy on behalf of one's client is not sanctionable, improperly influencing the actions of a third party to the detriment of the opposing party is sanctionable, and the improper influence is what warranted the award of sanctions.

Defendant Counsel also argue the magistrate judge made findings consistent with Defendant counsel's assertion that they were unaware of the scheduling of Anderssen's deposition for the following day.  Defendant Counsel contend that such inadvertent errors are not sanctionable.  Again, Defendant Counsel's argument misapprehends the reason for the sanctions.  Defendant Counsel were not sanctioned because they inadvertently failed to calendar the deposition, they were sanctioned for trying to cure the error (if error there was) by convincing the deponent through his attorney to not appear.  Defendant Counsel presents no authority for the proposition that an alleged scheduling error would warrant direct or indirect contact with a third-party witness for the purpose of convincing the witness not to appear at deposition.

Further, the court does not find the assertion of a mere scheduling error convincing.  Notice of Anderssen's deposition was attached to the same e-mail as the notice of deposition of another third-party witness, Jay Cattermole.  Apparently that deposition was conducted as arranged and there is little reason to believe that if one part of the e-mail message was received and appropriately noted, the other part was not likewise received and noted.

Defendant Counsel also contends there cannot be a finding of bad faith because the four alternative "less drastic" courses of action laid out by the magistrate judge were not appropriate because each would have resulted in an abrogation or unnecessary waiver of their

10

clients' rights.  It is not clear specifically what rights are of concern to Defendant Counsel.

However, it is clear from the foregoing discussion that: (1) Defendants had no right to object

to the deposition on the ground of insufficient notice because they had waived that right, (2)

Defendant Counsel did not have a right to object on their client's behalf to the e-mail service

of Anderssen or Anderssen's attorney because a third party witness is not subject to Rule 5

and, in any event, Anderssen had waived any objection as well, and (3) Defendant Counsel

had no right to raise a meritless issue for the purpose of procuring the deponent's non-

appearance.  Such rights as Defendants may have wished to assert with regard to the

deposition should have been asserted to the court by way of proper objection.  In short,

Defendant Counsel have failed to demonstrate their client had a right that would have been

foregone had Defendant Counsel simply attended the deposition, and to the extent there may

have been a right Defendants could have asserted, persuading the deponent through his

counsel not to appear was not the proper means of vindicating that right.

Defendant counsel also objects to the imposition of monetary sanction on the ground

that the magistrate judge found specific allegations made by Gallo were not supported by

evidence.  Specifically, the magistrate judge rejected Gallo's contention that Defendant

Counsel's interference rose to the level of felony witness tampering, and Gallo's allegation

that Defendant Counsel had improperly interfered with the deposition by contacting and

influencing personnel from the deposition recording and transcription service.  While it is

true that not all of Gallo's allegations were proven it is also true that Gallo was not awarded

all the sanctions it requested.  What the magistrate court found not supported by the facts is

not relevant to the inquiry at hand; this court's task is to look to what the magistrate court did

find and whether those findings were clearly erroneous or whether the conclusion that

sanctions were warranted were contrary to law.

The magistrate court found that, among Gallo's allegations, the allegation that

Defense Counsel had improperly and in bad faith influenced a third-party witness not to

appear at his scheduled deposition was supported by the evidence and that monetary

sanctions were appropriate.  This court finds no basis for a determination that the magistrate

court's determinations were clearly erroneous or contrary to law.  Reconsideration is

therefore not warranted.


THEREFORE, it is hereby ordered that the request of the law firm of Gibson, Dunn &

Crutcher for reconsideration of the monetary sanctions levied against it is hereby DENIED.

The motion by Gibson, Dunn & Crutcher to strike portions of Gallo's memorandum in

opposition to the motion for reconsideration is DENIED as moot.


IT IS SO ORDERED.

**Dated:   August 15, 2005**                          _____/s/ Anthony W. Ishii_____
0m8i78                                                UNITED STATES DISTRICT JUDGE

12