**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| E. & J. GALLO WINERY, | ) | CV F 03-5412   AWI LJO |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION |
| | ) | FOR CERTIFICATION |
| v. | ) | |
| | ) | ORDER DENYING REQUEST |
| ENCANA ENERGY SERVICES, INC., | ) | TO SET PRETRIAL DATES |
| a Delaware corporation, formerly known | ) | |
| as PANCANADIAN ENERGY | ) | ORDER VACATING TRIAL |
| SERVICES INC.; ENCANA | ) | DATE |
| CORPORATION, a Canadian | ) | |
| corporation, formerly known as and | ) | ORDER STAYING ACTION |
| successor to PANCANADIAN | ) | |
| ENERGY CORPORATION, | ) | [Document #688 & #690] |
| | ) | |
| Defendants | ) | |
| | ) | |

## BACKGROUND

This is an action for damages and declaratory relief by plaintiff E. & J. Gallo Winery ("Gallo") against defendants EnCana Corp. ("EnCana"), a Canadian producer of natural gas, and WD Energy Services, Inc. ("WD") (formerly EnCana Energy Services, formerly Pan Canadian Energy Services, Inc.), a wholly-owned marketing subsidiary of EnCana Corp. (collectively, "Defendants").  On January 24, 2005, Gallo filed its first amended complaint for damages, disgorgement/restitution , constructive trust, and injunctive relief (the "FAC"). The FAC alleges both state and federal antitrust claims.    Federal question jurisdiction exists pursuant to 28 U.S.C., section 1331.  Venue is proper in this court.

On September 30, 2005, the court denied Defendants' motion for summary judgment on all claims set forth in the FAC on the grounds that the federal claims are barred by the filed rate doctrine and the state claims are preempted under federal law.   On October 7, 2005, Defendants filed a motion to certify for appeal the court's order denying summary judgment.   On October 11, 2005, Gallo filed an opposition.

**LEGAL STANDARD**

Title 28 U.S.C. § 1292(b) provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

The court cannot be compelled to certify an order or an issue under section 1292(b), see Green v. Occidental Petroleum Corp., 541 F.2d 1335, 1338 (9th Cir. 1976), and the court's refusal to certify an order under this statute is not appealable.  See Oppenheimer v. Los Angeles County Flood Control Dist., 453 F.2d 895, 895 (9th Cir. 1972).   The requirements for certification are: (1) that there is a controlling question of law; (2) that there are substantial grounds for difference of opinion; and (3) that an immediate appeal may materially advance the ultimate termination of the litigation.   In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982).

**DISCUSSION**

**I.  Controlling Question of Law**

In its motion for summary judgment, Defendants contended that Gallo's state law claims are barred because the regulatory system instituted by Congress under the Natural Gas Act, 15 U.S.C., section 717 *et seq*., and the Natural Gas Policy Act ("NGPA"), 15 U.S.C.,

sections 3301-3432, preempts state law claims that impinge upon the FERC's exclusive jurisdiction over all wholesale sales of natural gas in interstate commerce.  Defendants argued that Gallo's action is preempted because Gallo, in order to establish its claims for damages,  "must engage in speculative rate-setting, or must ask this court or jury to do so, in order to establish any damages."   Defendants also contended Gallo's claims are barred because the determination of damages for each of the claims pled requires the court or the jury to "engage in speculative rate-setting," which is prohibited by the filed rate doctrine. The court followed the same analysis in addressing both contentions.

Gallo, in its opposition to Defendants' motion for certification, contends the question Defendants seek to certify is not a controlling question of law as framed.  Gallo contends Defendants framed the question as whether the claims alleged by Gallo in the complaint "implicate the exclusive jurisdiction of the Federal Energy Regulatory Commission."  Gallo contends that Defendants, while framing the question in terms of whether FERC jurisdiction is "implicated," do not actually argue the implication of FERC jurisdiction, but rather argue the filed rate doctrine bars any of Gallo's claims.  The court finds Gallo's argument somewhat confusing.

The issue to be certified for appeal does not turn on a *distinction* between whether Gallo's claims implicate exclusive FERC jurisdiction or whether the filed rate doctrine applies.  The court, in its memorandum opinion of September 30, 2005, applied a three-step analysis in which it first determined that the sales giving rise to Gallo's claims were retail sales that fall outside FERC's statutorily-circumscribed jurisdiction.  The court then went on to determine whether Gallo's claims where nonetheless barred because the court would be forced to "reach back" to FERC-determined wholesale rates or tariffs in order to grant relief. The concern in that latter portion of the analysis is not focused on the extent of FERC jurisdiction, it is focused on precisely what determinations the court must make to fashion relief.  If the court is required to reference a FERC-set rate or tariff in order to fashion relief,

1     then the concerns raised in <u>County of Stanislaus v. Pac. Gas & Elec. Co.</u>, 114 F.3d 858 (9th

2     Cir. 1997) are implicated and the filed rate doctrine may apply.  The court concluded that, in

3     this case, the retail rates paid were pegged to indices published in the <u>Natural Gas Index</u> or

4     the <u>Gas Daily Index</u>.  After examining those indices, the court concluded the filed rate

5     doctrine was not applicable because the indices do not establish FERC-set rates and do not

6     operated under FERC-approved tariffs.

7         Whether the filed rate doctrine applies to a plaintiff who challenges the fairness of a

8     retail rate paid for natural gas where the retail rate is not directly referent to a wholesale rate

9     or tariff that has been filed with FERC is a controlling question of law.  Neither the Supreme

10     Court nor any appellate court has determined this issue on the set of facts currently before the

11     court.

12         Gallo also argues that, even if the Ninth Circuit were to reverse this court's

13     conclusion on the issue certified for appeal, the issue would still not be controlling because

14     the gas purchased was entirely Canadian gas and therefore outside the scope of FERC

15     jurisdiction.  The court rejects that argument because the precise question is not whether

16     FERC has primary jurisdiction over the sales giving rise to Gallo's claims.  The court has

17     determined there is no primary FERC jurisdiction and would reach the same conclusion if the

18     court were to accept Gallo's allegation that the gas purchases it made were outside FERC

19     jurisdiction because the gas was Canadian.  The question is whether, notwithstanding the fact

20     the sales were retail or otherwise outside FERC's exclusive jurisdiction, the court would be

21     intruding into matters exclusively under FERC jurisdiction by making determinations as to

22     the fairness of indices published in the NGI or <u>Gas Daily Index</u>. That question remains

23     whether the sales were retail sales of gas produced in the United States or of gas produced in

24     Canada.

25         The court concludes the question Defendants seek to certify for interlocutory appeal

26     presents  a controlling question of law in this case.

27

28                                     4

## II.  Difference of Opinion

There are substantial grounds for difference of opinion on this issue.   Contrary to this court, other courts appear to have concluded that a retail gas purchaser's claims are subject to dismissal on the ground of the filed rate doctrine on facts similar or identical to those presented in this case.  See Western States Wholesale Natural Gas Antitrust Litigation, 368 F.Supp.2d 1110 (D. Nev. 2005) ("Western States"); Sierra Pac. Res. v. El Paso Corp., No. CV-S-03-0414 JCM-RJJ (D. Nev. 2004).  While Gallo is correct in asserting that neither of these cases are authoritative, the court notes that the precise issue before those courts and this court are novel, at least within this circuit, and the lack of relevant appellate opinion is a substantial factor in the court's decision to certify this issue for appeal.

## III. Advance the Ultimate Determination of the Issue

Finally, an immediate appeal may materially advance the ultimate termination of the litigation.   The court recognizes that considerable resources have already been spent in this litigation.   However, considerable time and resources of both the court and the parties will be spent on the trial in this action.   The trial on Gallo's claims is complex and will require numerous witnesses and the admission of voluminous documents.   The parties estimate this trial will take between 20 and 75 days.   Even based on Gallo's estimate, this trial will likely last at least one month.   If Gallo's claims are barred by preemption and the filed rate doctrine, this action will be over and there will be nothing left for trial.   The most effective use of federal judicial resources is to allow an interlocutory appeal on the issue of whether Gallo's claims are barred by the filed rate doctrine and preemption prior to trial.

The court also notes that the parties are not disadvantaged by the delay as much as Gallo claims.  Given the extent and complexity of the dispositive motions remaining before this court in this case and the amount of time available to resolve those motions, the current trial date of November 8, 2005, cannot be maintained.  A substantial postponement of the trial date would be required in any event to allow for resolution of the current dispositive

motions as well as what the court assumes will be voluminous and extensive motions in limine.

The court finds an interlocutory appeal advisable on the court's conclusion that Defendants have failed to meet their burden to show there is no issue of material fact as to the applicability of the filed rate doctrine to the present case, where a retail rate is challenged and the proof of damages does not require the court to examine the fairness of a rate or tariff that has been filed by FERC.  Similarly, the court finds an interlocutory appeal advisable on the court's conclusion that Gallo's state law claims are not preempted by the Natural Gas Act or the Natural Gas Policy Act because the sales involved in this case lie outside exclusive FERC jurisdiction and the determination of Gallo's claims does not require the court to intrude on exclusive FERC jurisdiction.

The court also finds that a stay of proceedings will serve the interests of optimum allocation of judicial resources.  The court will, however review the need for a continuing stay at intervals and may, at its discretion or upon motion of the parties, lift the stay when further events warrant.

THEREFORE, it is hereby ORDERED that:

1.    Defendants' motion to certify the order denying Defendants' motion for summary judgment on the filed rate doctrine and preemption is GRANTED;

2.    Gallo's request for the court to set a pretrial conference, and for the court to set other dates in preparation for trial, is DENIED;

3.    The November 8, 2005 trial date is VACATED; and

4.    This action is STAYED pending resolution of an appeal in the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

**Dated:    October 14, 2005**                    _____ **/s/ Anthony W. Ishii** _____
0m8i78                                    UNITED STATES DISTRICT JUDGE