1
2
3
4
5
6
7
8                      **IN THE UNITED STATES DISTRICT COURT**

9                     **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   E & J GALLO WINERY,                          CASE NO. CV F 03-5412 LJO DLB

12                     Plaintiff,        _____**ORDER ON GALLO'S MOTIONS IN LIMINE**
                                          (Docs. 811, 818-822, 827, 829.)
13             vs.

     ENCANA ENERGY SERVICES,
14   INC., et al.,

15                     Defendants.
     _____/
16

17         Plaintiff E & J Gallo Winery ("Gallo") filed eight motions in limine.  Defendants Encana

18   Corporation ("Encana") and WD Energy Services Inc. ("WD Energy") oppose Gallo's motions in limine.

19   The parties' moving and opposition papers are clear.  This Court needs no oral argument on Gallo's

20   motions in limine. This Court issues the following rulings on Gallo's motions in limine and VACATES

21   the August 31, 2009 hearing on Gallo's motions in limine.

22   **GALLO'S MIL[1] NO. 1 TO EXCLUDE DEFENSE EXPERT ECONOMIST RANDALL HEEB,**

23   **Ph.D.**

24         Gallo seeks to exclude defense expert economist and econometrician[2] Randall Heeb, Ph.D. ("Dr.

25   Heeb") on grounds that Dr. Heeb is unqualified to recalculate 2000 and 2001 natural gas prices and that

26   _____

27      [1]      As used in the headings, "MIL" refers to motion in limine.

28      [2]      An econometrician uses economic theory and statistics to analyze and test economic relationships.

                                              1

1    Dr. Heeb's methodology is unreliable.

2        As noted with Ecana and WD Energy's (collectively "defendants'") challenges to Gallo's

3    economists, a methodology to recreate 2000-2001 gas prices is imperfect and subject to variations.  Dr.

4    Heep appears to use the most complete available data.  Issues as to incomplete or questionable data

5    address the weight of his methodology rather than its admission.  "The factual basis of an expert opinion

6    goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to

7    examine the factual basis of the opinion in cross-examination."  *Hangarter v. Provident Life and Acc.*

8    *Ins. Co.*, 373 F.3d 998, 1017, n. 17 (9th Cir. 2004).

9        Dr. Heep offers throw-away opinions on self-motivated acts and whether trades are subject to

10   FERC jurisdiction.  He is unqualified to opine to such matters.

11                                    ***ORDER***

12       This Court PERMITS Dr. Heep's opinions except those regarding self-motivated acts and

13   whether trades are subject to FERC jurisdiction.

14   **GALLO'S MIL NO. 2 TO EXCLUDE DEFENSE EXPERT ECONOMIST ALAN COX, Ph.D.**

15       Gallo seeks to exclude defense expert economist Alan Cox, Ph.D. ("Dr. Cox"), as unreliable in

16   that Dr. Cox utilized flawed methodology and failed to consider relevant evidence.

17       Dr. Cox's testimony addresses core issues of existence of an alleged conspiracy and potential

18   damages to Gallo.  Gallo's makes meaningless points about Dr. Cox's scope of the alleged conspiracy,

19   de minimus damages, and contradictory evidence.  Gallo's arguments address the weight of his opinions,

20   not admissibility.

21       Gallo's points as to individual self-motivated conduct are unclear.  Dr. Cox is not equipped to

22   testify as to motivations of individual traders and apparently does not intend to do so.  His testimony

23   addresses the overall natural gas market during 2000-2001.  Testimony as to individual trader motivation

24   is precluded.  Gallo is free to attack the bases for Dr. Cox's opinions, including evidence which he did

25   not consider.

26       Gallo's points about duplicative opinions lack specifics to prevent preclusion of Dr. Cox's

27   opinions regarding Gallo's expert economists.

28   / / /

1          ***ORDER***

2          This Court DENIES the motion in limine.

3  **GALLO'S MIL NO. 3 TO EXCLUDE EVIDENCE OF DEFENDANTS' BUSINESS**

4  **JUSTIFICATION AND MARKET SHARE**

5          Gallo seeks to exclude as irrelevant evidence of defendants' business justification or benefits of

6  information sharing in that Gallo alleges per se antitrust violations, not rule of reason claims.

7          Gallo seeks a broad evidence preclusion akin to summary judgment. Gallo fails to demonstrate

8  a per se antitrust violation to preclude rule of reason analysis. Gallo's evidence does not reveal "plainly

9  anticompetitive" conduct given that the economic impact of alleged antitrust practices is not obvious.

10 Gallo depends on circumstantial evidence of and inferences from trades and alleged false price reporting.

11 Gallo fails to demonstrate that defendants are precluded to rebut Gallo's claims. Crafting an order to

12 exclude business justification and market share is difficult given that defendants claim their traders

13 legitimately shared market information with traders from other gas marketing and trading firms. Issuing

14 a blanket order is impractical and unsupported.

15         ***ORDER***

16         This Court DENIES the motion in limine.

17 **GALLO'S MIL NO. 4 TO EXCLUDE GALLO CORPORATE RELATIONSHIPS AND**

18 **FINANCIAL/OWNERSHIP INTERESTS OF GALLO FAMILY MEMBERS**

19         Gallo seeks to exclude under F.R.Evid. 402 and 403 evidence of its relationships with its related

20 corporate entities and the financial/ownership interests of its witnesses, including Gallo family members.

21         How Gallo intends to introduce evidence of natural gas purchases is unclear. Gallo does not

22 indicate whether it will refer to the contract between Gallo Glass Company and WD Energy. Documents

23 bearing the names of Gallo entities will be presented to create potential jury confusion in the absence

24 of evidence of corporate-ownership structure. Barring all evidence as to Dry Creek Corporation and

25 Gallo Glass Company is impractical in that evidence of natural gas purchases must be presented.

26         Evidence of the financial/ownership interests of Gallo witnesses and family members is relevant

27 to bias arising from their pecuniary interests. Gallo offers nothing to diffuse such bias.

28 / / /

3

1   ***ORDER***

2   This Court DENIES the motion in limine.

3   **GALLO'S MIL NO. 5 TO EXCLUDE THE *EL PASO* ACTION ALLEGATIONS AND**

4   **SETTLEMENTS**

5   Gallo seeks to exclude evidence regarding and the $8 million settlement of a natural gas restraint

6   of trade action entitled *Dry Creek Corporation v. El Paso Natural Gas Company, et al.*, Alameda

7   County Superior Court Case No. 2001-033722 ("*El Paso* action").

8   Defendants equate the *El Paso* action settlement to a settlement by a joint tortfeasor to entitle

9   defendants to an offset. As such, defendants seek to use the *El Paso* action settlement to address their

10  potential liability which F.R.Evid. 408(a) prohibits. F.R.Evid. 408(b) provides defendants no exception

11  to permit defendants to introduce the *El Paso* action settlement.

12  Nonetheless, defendants raise valid points as to Gallo's inconsistent positions in this and the *El*

13  *Paso* actions. Defendants point to the testimony of Gallo's Bruce Hungate to the effect that the *El Paso*

14  action allegations are accurate. As such, defendants are entitled to limited latitude to address that Gallo

15  pursued the *El Paso* action to recover for high natural gas prices during 2000-2001. However, the

16  amount of the *El Paso* action settlement is excluded.

17  ***ORDER***

18  This Court GRANTS the motion in limine in part and LIMITS evidence of the *El Paso* action

19  to address inconsistency between Gallo's claims in this and the *El Paso* action.

20  **GALLO'S MIL NO. 6 TO EXCLUDE DEFENSE ENERGY INDUSTRY EXPERT J. JOHN**

21  **YURKANIN**

22  Gallo seeks to exclude defense energy industry expert J. John Yurkanin ("Mr. Yurkanin") on

23  grounds that Mr. Yurkanin's opinions are irrelevant and unreliable. This motion appears as an

24  alternative to Gallo's MIL No. 3 to exclude evidence of business justification and market share.

25  Gallo's points regarding per se antitrust violations are addressed in its MIL No. 3. Again, a

26  blanket order to exclude all evidence characterized as business justification and market share are

27  unsupported and impractical.

28  Gallo fails to demonstrate that Mr. Yurkanin is unqualified to opine as to trader conduct. Mr.

4

1 Yurkanin's qualifications are similar to Gallo's trader expert Stephen Traicoff.

2      With exclusion of Mr. Traicoff's opinions on effect of trader conduct on published indices for

3 natural gas, Mr. Yurkanin's comments on Mr. Traicoff are unnecessary and excluded.

4      Mr. Yurkanin's opinion that traders appeared perplexed is not helpful.  The jury can reach its

5 own conclusion from the admitted tape recorded conversations of traders.  Moreover, Mr. Yurkanin

6 lacks qualifications and support to opine as to trader incentives and absence of a conspiracy.  His

7 opinions are limited to trader conduct.

8      ***ORDER***

9      This Court LIMITS Mr. Yurkanin to his first opinion on trader conduct that WD Energy's

10 commercial methods to seek market direction and price information were consistent with industry needs

11 and practices in that exchange of price and market information is essential for the natural gas market to

12 exist and constitutes legitimate business justification for exchange of information.

13 **GALLO'S MIL NO. 7 TO EXCLUDE BUSINESS PROFESSOR ROBERT STOBAUGH'S**

14 **OPINIONS ON DEFENDANTS' RELATIONSHIP**

15      Gallo seeks to exclude as unreliable and unsupported opinions of defense expert business

16 professor Robert Stobaugh ("Prof. Stobaugh") on the parent-subsidiary relationship between defendants.

17      Prof. Stobaugh offers ill-defined standards of generally accepted corporate practices.  He

18 suggests that there are parent-subsidiary standards and that defendants met them.  Prof. Stobaugh's

19 opinions on generally accepted corporate standards are irrelevant given that alter ego is a legal issue and

20 that agency focuses on ability of a parent corporation to exercise control over a subsidiary, not generally

21 accepted corporate principles.  Prof. Stobaugh's opinions on generally accepted corporate practices and

22 reasonable control touch on legal conclusions to render them inadmissible.

23      However, Prof. Stobaugh's opinions on the defendants' separate operations may be helpful to

24 address the agency issue to the extent such opinions address ability to exercise control and are not based

25 on generally accepted corporate practices.  As such, Prof. Stobaugh is able to testify as to his opinions

26 that defendants "acted as separate and independent corporate entities," that the distinction between them

27 "was both formal and real," and "WD ran its own day-to-day operations."

28 / / /

*ORDER*

This Court LIMITS Prof. Stobaugh's opinions to the extent that defendants "acted as separate and independent corporate entities," that the distinction between them "was both formal and real," and "WD ran its own day-to-day operations."

**GALLO'S MIL NO. 8 TO EXCLUDE LAW PROFESSOR JAMES JOSEPH DUANE'S OPINIONS ON FIFTH AMENDMENT PRIVILEGE**

Gallo seeks to exclude defense expert law professor James Joseph Duane ("Prof. Duane") on grounds that Prof. Duane's opinions are inadmissible legal opinions and that defendants failed timely to designate Prof. Duane.

Defendants fail to demonstrate the need for Prof. Duane's testimony or that it will assist the jury. The law is clear on drawing adverse inferences from invocation of the Fifth Amendment in civil actions. A jury instruction will address the privilege and eliminate confusion. Prof. Duane's testimony would likely create unnecessary confusion and waste time.

Prof. Duane's delayed disclosure further bolsters his exclusion. U.S. Magistrate Judge Dennis Beck issued several orders (including minute orders) to reopen discovery. Although his orders do not address the scope of reopened discovery, Judge Beck recalls that the parties discussed that reopened discovery would be limited to issues raised in the Ninth Circuit decision on the Filed Rate Doctrine and Gallo's damages claims. Such limitation makes sense. A reopening of global discovery would be unwarranted. Moreover, the ruling on defendants' *Daubert* MIL No. 1 precludes Dr. Landon to opine on a reinforced assumption of conspiracy due to Fifth Amendment privilege invocation.

*ORDER*

This Court GRANTS the motion in limine and EXCLUDES Prof. Duane.

**DUTY OF COUNSEL**

Counsel are cautioned against filing motions for reconsideration without legal prerequisites firmly established.

Counsel are discouraged from filing motions "for clarification" when such motions are nothing more than a statement of disagreement with the Court's ruling and/or an attempt to modify the ruling. Being surprised at the Court's ruling, no matter where the I.Q. chart's result lands, is not a basis for such

a motion.

During trial, the parties' counsel shall meet with the Court each morning prior to jury arrival to address evidentiary issues and disputes.  The jury will **NOT** be kept waiting.  The Court will rule on matters to the extent possible prior to  commencement of trial each day out of the jury's presence.  If such ruling depends on receipt of testimony or other evidence, the Court will rule as appropriate upon the receipt of such testimony or evidence.  If evidentiary problems are anticipated, the parties' counsel are required to notify the Court immediately that a hearing outside the jury's presence will be required, but should not expect such hearing while the jury waits in the jury room.  Such hearings will take place before the jury arrives or after they depart.

Finally, should objections be made in front of the jury on a purported violation of a motion in limine ruling, counsel are expected to object stating the **LEGAL** ground, followed by reference to the number of the motion in limine (e.g., "Objection, relevance, violation of defense motion in limine no. 4.")

IT IS SO ORDERED.

**Dated:    August 13, 2009**                          _____/s/ Lawrence J. O'Neill_____
                                                                      UNITED STATES DISTRICT JUDGE